**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  WESTLEY POLLARD, JR.,  Defendant. | No. 1:17-cr-00093-MAC-KFG |

**DEFENDANT WESTLEY POLLARD, JR.'S REPLY IN SUPPORT OF HIS RENEWED EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

Defendant Westley Pollard, Jr., through undersigned counsel, respectfully submits this Reply in support of his Renewed Emergency Motion for Compassionate Release (the "Motion") to address the Government's arguments in its Response to Defendant's Motion (the "Response").

## I.  PRELIMINARY STATEMENT

The Response fails to meaningfully engage or respond to Mr. Pollard's arguments in favor of his request and the Court's authority to grant compassionate release here.  On the record actually before the Court, the Government has no answer to the core of Mr. Pollard's showing that he is entitled to compassionate release in light of his serious medical conditions that would likely result in serious, and even fatal, complications in light of the pervasive incidences and palpable risk from COVID-19 at FCI Beaumont Low.  For the reasons stated herein and in the Motion, Mr. Pollard respectfully asks this Court to grant his Motion and modify his sentence of imprisonment to time served or, in the alternative, to time served with a period of home confinement.

## II.  ARGUMENT

### A. Mr. Pollard Seeks Compassionate Release Based on His Individualized and Specific Medical Conditions and Has Exhausted Administrative Remedies.

The Government incorrectly asserts that Mr. Pollard has requested "[t]o classify COVID-19 as an extraordinary and compelling reason" and characterizes the Motion as seeking compassionate release because of a "generalized threat[]" of or the "mere existence of the COVID-19 pandemic."  Resp. at 10.  This statement ignores both the extensive evidence Mr. Pollard provided with the Motion and the medical consensus that Mr. Pollard's individualized, specific conditions place him personally at the highest risk of serious medical complications and death due to the extensive spread of COVID-19 at FCI Beaumont Low.  The "extraordinary and compelling reason[]" justifying a reduction or modification of Mr. Pollard's sentence is not the "mere existence of the COVID-19 pandemic," but rather that "requiring [Mr. Pollard] to remain in prison

1

during the pandemic may be a death sentence [and] [t]hat cannot be tolerated." *See U.S. v. Gibson*, No. CR-H-12-600-2, 2020 WL 2749759, *1 (S.D. Tex. May 27, 2020) (granting compassionate release to inmate who was at increased risk for suffering from serious medical conditions and death should he contract COVID-19 due to underlying medical conditions of hypertension and obesity). The Government seems to suggest that compassionate release would only be warranted if Mr. Pollard actually contracted COVID-19 and developed serious illness as a result—at which point, any relief granted by the prison, BOP, or this Court would be too little, too late. *See U.S. v. Rountree*, 460 F. Supp. 3d 224, 237 (N.D.N.Y. 2020) ("If the Court waits to act [in response to COVID-19]. . . it may be too late for vulnerable inmates."). Such a contorted reading of BOP policy contravenes the remedial purposes of compassionate release—a standard that would dramatically contract the scope of § 3582(c)(1)(A) beyond what Congress intended.

Mr. Pollard's request for compassionate release was received by Warden F. J. Garrido on April 9, 2020. Ex. A to Mot. Consequently, he has exhausted administrative remedies, which the Government admits. *See* Resp. at 5; 18 U.S.C. § 3582(c)(1)(A) (defendant may bring motion after "lapse of 30 days from the receipt of such a request by the warden"); *see also U.S. v. Decator*, No. CR CCB-95-0202, 2020 WL 1676219, at *2 (D. Md. Apr. 6, 2020) (finding motion properly before the court where warden denied petitioner's request). Assuming, *arguendo*, that a defendant is required to again exhaust administrative remedies prior to filing a renewed motion based on new facts and evidence that have come to light, as is the case here,[1] Mr. Pollard has satisfied this requirement, as the warden received his renewed request on June 25, 2020. *See* Exs. B, D to Mot.

---

[1] *See United States v. Howard*, No. 3:09-CR-0305-B-1, 2020 WL 4784697 (N.D. Tex. Aug. 18, 2020) (granting renewed motion for compassionate release where, after the court's initial denial, the court determined that defendant sufficiently demonstrated extraordinary and compelling reasons due to his COPD, severe asthma and hypertension).

### B. The Government Ignores the Very Evidence It Concedes Would Justify a Finding of Extraordinary and Compelling Circumstances.

The Government blatantly ignores the unrebutted evidence that Mr. Pollard personally suffers from numerous preexisting medical conditions known to be risk factors for COVID-19, including several conditions established as leading comorbidities for patients who contract COVID-19. Yet the Government admits that "[i]f an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of 'extraordinary and compelling reasons'" and further admits that chronic conditions "reasonably may be found to be 'serious' . . . even if that condition would not have constituted an 'extraordinary and compelling reason' absent the risk of COVID-19." Resp. at 11. That is exactly the scenario here. Mr. Pollard suffers from not one but multiple serious and chronic conditions that significantly elevate his risk of grave medical complications or death should he contract COVID-19, which the Government dismisses in a series of conclusory arguments.

Contrary to the Government's Response, the CDC continues to list obesity, hypertension, and asthma among those "conditions with sufficient evidence to draw conclusions" and continues to describe them as conditions that contribute to an increased risk for severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020; last visited Nov. 23, 2020). The medical records provided with the Motion clearly state that Mr. Pollard has been treated for bronchial asthma with the use of an Albuterol oral inhaler and has received medication for other serious medical conditions, including hypertension. *See* Ex. F to Mot., App. Nos. 24, 39, 52, 56. The Government points to no authority to support the conclusion that taking medication for a comorbidity condition ameliorates the risk of serious or fatal illness if Mr. Pollard contracts

3

COVID-19. Likewise, neither 18 U.S.C. § 3582 nor the § 3553(a) factors require that Mr. Pollard "establish[] that he would be less vulnerable to COVID-19 if he were released." Resp. at 13. Nor would Mr. Pollard's medical conditions need to have caused him additional "problems that required medical treatment," Resp. at 10, in order to increase his risk of fatally contracting COVID-19. As discussed in the Motion, each of these conditions alone increases that risk enormously,[2] and courts nationwide have found that these conditions independently constitute extraordinary and compelling grounds for compassionate release. Mot. at 5-8.

### C. Mr. Pollard Has Shown He Is Not a Danger to the Community and Compassionate Release is Consistent with the § 3553(a) Factors.

Next, the Government asserts that Mr. Pollard "Still Poses a Significant Danger to the Safety of the Community" if released, but fails to provide even one reason why this is so. U.S.S.G. § 1B1.13(2) refers to 18 U.S.C. § 3142(g), which provides factors for courts to consider in assessing "danger to the safety of any other person or to the community," none of which are a concern in Mr. Pollard's case. Mr. Pollard's offense was not "a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." *See* § 3142(g)(1). The Motion details his "history and characteristics," including his long-term employment pre-incarceration and his strong family and community ties. *See* § 3142(g)(3)(A). Mr. Pollard had zero criminal history prior to his conviction. *See* § 3142(g)(3)(A)-(B); Mot. at 11. He does not present a danger to any person or the community upon his release, as indicated by his significant efforts to rehabilitate and the BOP's

---

[2] The Government dismisses over 30 pages of medical evidence provided with the Motion, yet concedes that the incidence of COVID-19 cases is high. At FCI Beaumont Low, in particular, the Government's "efforts to stem the spread of the virus have, unfortunately, fallen short." *See United States v. Hodges*, No. 04 CR 993-3, 2020 WL 2935101, at *2 (N.D. Ill. June 3, 2020). Unsurprisingly, the outbreak at FCI Beaumont Low continues to spread at an alarming rate: 510 inmates had been infected when the Motion was filed on November 9, 2020; only two weeks later, the number has ballooned to 742 inmates infected. *See* https://www.bop.gov/coronavirus/ (last visited Nov. 23, 2020).

4

assessment of his risk level as "minimum." *See* § 3142(g)(4); Mot. at 11-12. Mr. Pollard has a stable and secure place to reside with his family upon release, and has earned his bachelor's degree in Theology while incarcerated, with an intent to work as a paid caretaker and pastor upon release. Mot. at 11. For these same reasons, Mr. Pollard has also shown in great detail that he would not recidivate upon release. *See* § 3553(a)(2)(C). The Response is bare of any explanation why the evidence provided in the Motion and the attached Exhibits "fail[s] to demonstrate" that Mr. Pollard is not a danger to the community or at risk of recidivism. Resp. at 12.

### D. The Court Has Authority to Reduce Mr. Pollard's Sentence to Time Served, or In the Alternative, Time Served with a Period of Home Confinement.

Contradicting the very arguments it sets forth in preceding paragraphs, the Government finally asserts that the Court lacks the authority to reduce his sentence to time served. Under the plain text of 18 U.S.C. § 3583(e)(2), a sentencing court may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." § 3583(e)(2). The Government admits this is permitted. Resp. at 14. The Court also has broad discretion to craft the terms of supervised release, including "[h]ome detention … as a substitute for imprisonment." U.S.S.G. § 5F1.2; *see also U.S. v. Alvarado*, 462 F. Supp. 3d 948, 950-52. (D. Minn. 2020) (finding home detention was substitute for home imprisonment satisfying the § 3553(a) factors). Accordingly, it is well within the Court's authority to reduce Mr. Pollard's sentence to time served.

## CONCLUSION

In light of the foregoing and the Motion, Westley Pollard, Jr. respectfully requests that the Court modify his sentence to time served, or supervised release with a period of home confinement, not to exceed the balance of his original prison sentence. Mr. Pollard requests all further relief to which he may be entitled.

5

Dated: November 25, 2020               Respectfully submitted,

               */s/ Michael D. Hatcher*
               Michael D. Hatcher
               Texas State Bar No. 24027067
               mhatcher@sidley.com
               Mustafa Abdul-Jabbar
               Texas State Bar 24101414
               mabdul-jabbar@sidley.com
               SIDLEY AUSTIN LLP
               2021 McKinney Avenue, Suite 2000
               Dallas, Texas 72501
               Tel: 214-981-3300
               Fax: 214-981-3400

               Helen Theung *(admitted Pro Hac Vice)*
               California State Bar No. 287953
               htheung@sidley.com
               Jake Funk *(admitted Pro Hac Vice)*
               California State Bar No. 330478
               jake.funk@sidley.com
               SIDLEY AUSTIN LLP
               1001 Page Mill Road, Building 1
               Palo Alto, California 94304
               Tel: (650) 565-7085
               Fax: (650) 565-7100

               Jennifer H. Lee *(admitted Pro Hac Vice)*
               jhlee@sidley.com
               California State Bar No. 329079
               SIDLEY AUSTIN LLP
               555 California Street, Suite 2000
               San Francisco, California 94104
               Tel: (415) 772-1214
               Fax: (415) 772-7400

               ***ATTORNEYS FOR DEFENDANT***
               ***WESTLEY POLLARD, JR.***

## CERTIFICATE OF SERVICE

      I, Mustafa Abdul-Jabbar, hereby certify that on November 25, 2020, I electronically served the foregoing document upon all counsel of record via the Court's CM/ECF system upon:

Joseph R. Batte
Assistant United States Attorney
Texas Bar No. 01918070
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 (fax)
Email: joe.batte@usdoj.gov

                                                  */s/ Mustafa Abdul-Jabbar*