| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:17-CR-93 |
| | § | |
| WESTLEY POLLARD, JR. | § | |

## ORDER

Pending before the court is Defendant Westley Pollard, Jr.'s ("Pollard") Renewed Emergency Motion for Compassionate Release (#50), wherein he requests that the court reconsider its July 21, 2020, Order (#43) denying his motion for compassionate release (#40). The Government filed a response in opposition (#55), and Pollard replied (#56). United States Pretrial and Probation Services ("Probation") submitted an updated report, which recommends the denial of Pollard's motion. Having considered the pending motion, Pollard's submissions, the Government's response, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

In the instant motion, Pollard does not assert any novel legal arguments, present any new bases for relief, raise any substantial factual or legal issues warranting relief, show that he is receiving inadequate heath care at the federal correctional institution where he is housed, or demonstrate that he would not pose a risk to society, if released from prison. Further, there is no indication that Pollard's medical condition has changed since his original motion for compassionate release. As the basis for his present motion, Pollard reasserts that he suffers from obesity, hypertension, and asthma. He attaches additional medical records from 2013, prior to his incarceration, that were not included in his original motion for compassionate release. Pollard also provided Bureau of Prisons ("BOP") medical records, dated June 11, 2020, which confirm

Pollard has a history of hypertension, a history of asthma, and is obese. The BOP records, however, indicate that Pollard's blood pressure has improved from the high of 224/130 in 2013. His medical records show that Pollard's blood pressure was 120/78 on June 17, 2019, and 128/80 on June 11, 2020. He is taking amlodipine and hrydralazine to control his blood pressure. Pollard's BOP records indicate that he is not currently suffering from asthma and his respiratory function is within normal limits. Records provided by the Government show that Pollard also had allergic rhinitis but that it is in remission. While the court recognizes the gravity of Pollard's medical conditions, they do not meet the standards for compassionate release. None of these medical conditions is terminal or substantially diminishes Pollard's ability to provide self-care. Moreover, they did not hamper or prevent him from engaging in his crime of conviction.

Pollard claims that the COVID-19 pandemic represents a changed circumstance. According to Pollard's medical records, however, he has tested negative for COVID-19 seven times, with his latest negative test result being reported on September 25, 2020. In any event, the mere presence of COVID-19 at Federal Correctional Institution Beaumont Low, where Pollard is currently housed, and the possibility that Pollard might contract it are insufficient to establish extraordinary and compelling reasons to warrant his release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Banks*, No. CR 15-0080-02, 2020 WL 6839267, at *4 (W.D. La. Nov. 20, 2020) ("This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine

BOP's criteria to determine eligibility for sentence reductions or home confinement."); *United States v. Woods*, No. 4:11-CR-106-SDJ, 2020 WL 6391591, at *4 (E.D. Tex. Nov. 2, 2020) (noting that "courts have concluded that an inmate's concerns about risks associated with the spread of COVID-19 are not consistent with the policy statement of the Commission as required by Section 3582(c)(1)(A)"); *United States v. Jackson*, No. 3:16-CR-196-L-1, 2020 WL 4365633, at *2 (N.D. Tex. July 30, 2020) (finding that defendant had failed to present extraordinary and compelling reasons for compassionate release despite suffering from previous underlying health conditions and testing positive for COVID-19); *United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." (quoting *United States v. Koons*, 455 F. Supp. 3d 285, 292 (W.D. La. 2020))); *United States v. Clark*, 451 F. Supp. 3d 651, 656 (M.D. La. 2020) (finding the defendant had failed to present extraordinary and compelling reasons to modify his prison sentence because he "does not meet any of the criteria set forth by the statute" and he "cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification"). Accordingly, Pollard's Renewed Emergency Motion for Compassionate Release (#50) is DENIED.

SIGNED at Beaumont, Texas, this 4th day of December, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE